## In re DREYFUS.

Court of Appeals of District of Columbia.

Submitted Nov. 15, 1928. Decided Dec. 3, 1928.

No. 2091.

Lloyd B. Wight, of Washington, D. C., and Chas. W. Levinson, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Board of Patent Appeals rejecting all the claims, twelve in number, set forth in the application of the appellant, for an invention which consists in the discovery that the cellulose ethers may be molded into various shapes by melting them and subjecting them thereafter to molding operations without encountering in the process any volatile solvent or volatile diluent.

The application contains both process and article claims, of which the following are representative of each group:

"1. In the manufacture of films, coatings, sheets, celluloid-like masses, blocks, rods, tubes, threads, filaments and other articles comprising cellulose ether, the step of melting the cellulose ether in absence of volatile liquid."

"6. Articles formed from melted cellulose ether containing neither volatile solvent nor volatile diluent."

The Examiner classifies the claims as fol·lows: "The claims are all limited to the absence of a volatile liquid and to the process of, or article formed from; (1) melting cellulose ethers, (2) melting cellulose ethers and· plasticising materials or (3) melting cellulose ethers, plasticising materials, and filling materials and working them into shape."

A number of existing patents are cited in the opinion of the Board as anticipating the disclosure of appellant's claimed invention. Among the references are two patents to one Lillienfeld, dated respectively June 20, 1916, and February 20, 1917. In the 1916 patent Lillienfeld clearly discloses and claims cellulose ethers and processes of manufacturing them. His specification touching this point reads as follows: "It would take too long to enumerate in this specification all the uses for which the cellulose alkyl ethers are suitable. The following uses may be mentioned by way of example:—as plastic masses, celluloid substitutes (alkyl ethers of cellulose, alone or mixed with other cellulose derivatives or mixed with camphor or other gelatinizing agents, or camphor substitutes, or agents for imparting softness or plasticity) artificial filaments and spinning fibers, artificial animal hair, films, all kinds of photographic articles, lacquers, varnishes and paints, insulating goods, dressings for spinning fibers, dressings for fabrics, leather, paper and the like, printing agents and thickening agents for the same, agents for fixing pigments, adhesives, cements and glues and adhesive pastes, size for paper, etc."

It will be observed that Lillienfeld refers to cellulose ethers to be used either alone or mixed with camphor, gelatinizing agents, or camphor substitutes, to produce softness or plasticity. He discloses a broad conception of the use of nonvolatile solvents mixed with ethers to produce plastic compounds which can be molded while in a melted condition. We think, therefore, without examining the other references, that appellant is fully anticipated by the Lillienfeld patents.

Inasmuch as this case has been disposed of by both the Examiner and the Board in a manner which fully meets with our approval, we deem it unnecessary to indulge in further discussion of the matters here involved.

The decision of the Board of Patent Appeals is affirmed.